428 So.2d 926 (1983)
Allen Nicholas BLANCHARD
v.
Charlene NAQUIN, et al.
No. 82 CA 0568.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied May 13, 1983.
*927 Ronald W. Guth, Slidell, for plaintiff, appellee.
Robert L. Redfearn and John C. Hebert, New Orleans, for defendants, appellants.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for a declaratory judgment[1] by Allen N. Blanchard wherein he seeks to be declared the owner of immovable property located in St. Tammany Parish.[2] The trial court rendered judgment in favor of the plaintiff and this devolutive appeal followed.

I. FACTS
By an act of cash sale dated May 23,1934, the plaintiff, Allen N. Blanchard, acquired certain immovable property located in the Parish of St. Tammany.
On April 8, 1948, Max A. Blanchard died intestate. His wife, Dorothy Burg, predeceased him on November 21, 1921. Of this union, ten children were born:
(1) Max B. Blanchard
(2) Edgar L. Blanchard
(3) Allen N. Blanchard
(4) Mrs. Ruby Blanchard Leonard
(5) Mrs. Olga Blanchard Roques
(6) Mrs. Aline Blanchard Greenhalgh
(7) Mrs. Enola Blanchard Howell
(8) Mrs. Helen Blanchard Hebert
(9) Newton J. Blanchard
(10) James Blanchard
Newton J. Blanchard predeceased his father, Max A. Blanchard, and he was survived by four children, namely:
(1) Newton J. Blanchard, Jr.
(2) Edwin L. Blanchard
(3) Mrs. Emelda Blanchard Talazac
(4) Mrs. Lillie Blanchard Langlois
James Blanchard also predeceased his father and was unmarried and without issue. The petition for possession in the Succession of Max A. Blanchard listed an undivided one-half interest in the immovable property located in St. Tammany Parish acquired by Allen N. Blanchard on May 23, 1934. The petition for possession was signed by Allen N. Blanchard, along with the other heirs. The judgment of possession in the Succession of Max A. Blanchard was rendered on July 7, 1948, and placed the heirs in possession of this undivided one-half interest in accordance with their respective ownership interests. The defendant-heirs in the instant case maintain that a counter letter by Allen N. Blanchard to Max A. Blanchard was the basis for listing this property interest in the Succession of Max A. Blanchard.
Edgar L. Blanchard was married to Ruth Tiblier and of this union one child was born, Mrs. Maxine Blanchard Chenevert. Mrs. Chenevert predeceased her father and left two surviving children, Mrs. Maxine Chenevert Betz and David L. Chenevert.
Max B. Blanchard died and left one surviving child, Mrs. Charlene Naquin. On January 30, 1980, Mrs. Olga Blanchard Roques executed a quit claim deed of all of her interest in the St. Tammany property to Allen N. Blanchard.
This suit was filed on August 19, 1980, and named all of the heirs of Max A. Blanchard as parties defendant, except Mrs. Ruby Blanchard Leonard, Mrs. Olga Blanchard Roques, Mrs. Aline Blanchard Greenhalgh and Mrs. Enola Blanchard Howell.

II. FAILURE TO JOIN INDISPENSABLE PARTIES
Indispensable parties to an action are those whose interests in the subject *928 matter are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La.C.C.P. art. 641. The failure to join an indispensable party may be noticed by an appellate court on its own motion. La.C.C.P. arts. 645 and 927. When declaratory relief is sought, all persons shall be made parties who have or claim any interests which would be affected by the declaration. La.C.C.P. art. 1880. An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident. Humble Oil and Refining Company v. Jones, 241 La. 661, 130 So.2d 408 (1961).
Mrs. Ruby Blanchard Leonard, Mrs. Aline Blanchard Greenhalgh and Mrs. Enola Blanchard Howell were not made parties defendant to this suit. Each of them was placed in possession of an undivided interest in the St. Tammany property in the Succession of Max A. Blanchard, as were the named defendants to this action. In this action, the plaintiff prays to be declared the owner of the St. Tammany property. In order for a court to grant the relief requested by the plaintiff, it is absolutely necessary that all heirs who purportedly obtained an interest in the property from the Succession of Max A. Blanchard be made parties defendant in these proceedings.
Since La.C.C.P. art. 641 provides that no adjudication of an action can be made unless all indispensable parties are joined therein, the appropriate action to be taken when an appellate court notices the absence of indispensable parties is to remand the case to the trial court for the joinder of the indispensable parties and a retrial of the case. Edmonson v. Abell, 423 So.2d 100 (La.App. 1st Cir.1982); Guice v. Modica, 337 So.2d 302 (La.App. 2nd Cir. 1976).

III. CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for the purpose of joining Mrs. Ruby Blanchard Leonard (or her appropriate heirs),[3] Mrs. Aline Blanchard Greenhalgh and Mrs. Enola Blanchard Howell as indispensable parties to these proceedings and for a retrial of the case. The appellee is cast for all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] La.C.C.P. arts. 1871 et seq.
[2] This is not a petitory action pursuant to La.C. C.P. arts. 3651 et seq. because the plaintiff is in possession of the immovable property.
[3] On the day of the trial, the deposition of Allen N. Blanchard was filed in the suit record pursuant to La.C.C.P. art. 1446, but apparently was not filed in evidence. At page 18 of the deposition, Blanchard indicated that "Ruby is dead and she has no relatives."