LABORDE, Judge.
Plaintiffs, Jessie Mae Nicholas and Clayton Lyons, brought this action for declaratory relief against defendant, Kenneth N. Richardson. In their petition, plaintiffs sought a judgment declaring a tax sale of immovable property to be null and void and declaring each plaintiff to be an owner of an undivided ½ interest in the following described property in Calcasieu Parish, Louisiana, to-wit:
Commencing 254 yards South of the Northeast Corner of the Southeast Quarter of the Northwest Quarter of Section 12, Township 9 South, Range 12 West, La. Mer., thence South 62 yards, thence West 223 yards, thence North 62 yards, thence East 223 yards, to point of beginning.
After plaintiffs filed their petition, Garlin N. Hebert intervened in the suit seeking to be declared the owner of an undivided ⅜ interest in the property. Plaintiffs and in-tervenor (collectively plaintiffs) filed a supplemental and amending petition asserting an additional cause of action in the form of a petitory action and naming as an additional defendant, the Louisiana Department of Natural Resources. The amended petition also prayed that Ray H. Perkins be served with a copy of plaintiffs’ pleadings so that he could make an appearance; Mr. Perkins was alleged to be the owner of the remaining interest in the property. Mr. Perkins never made an appearance in the suit; however, he did testify as a witness for plaintiffs. The supplemental and amending petition was filed on the suggestion of then trial judge, Charles S. King, who in a pretrial conference advised plaintiffs that a decision could not be rendered on the petition for declaratory judgment.
The record shows that the immovable property at issue was adjudicated to the State of Louisiana for allegedly unpaid taxes. The proces verbal of the tax sale was in the name of “Mrs. Azeama Perkins et al” by J.H. Lyons, Sheriff and Ex-office *1318 Tax Collector for the Parish of Calcasieu. The proces verbal was dated June 10, 1920. On January 22, 1964, the State transferred the property to Leo Perkins. On May 7, 1966, Leo Perkins sold the property to defendant.
Defendant answered plaintiffs’ petition with a general denial of the allegations contained therein. Subsequently, defendant filed a supplemental and amending answer alleging that since more than 5 years had passed since the property had been adjudicated to the State in 1920, and, thus, plaintiffs’ claims have prescribed under Article VII, Section 25, as supplemented by LSA-R.S. 47:2228. Defendant pled in the alternative that he had been in good faith actual possession of the property under a just title for in excess of 10 years, pursuant to Article 3474 (now Article 3473) of the Louisiana Civil Code. The Louisiana Department of Natural Resources filed a peremptory exception of sovereign immunity, which it later withdrew.
Trial of this matter was held on October 3, 1986. After taking the matter under advisement, the trial court ruled in favor of plaintiffs, declaring the tax sale to be null and void and further declaring the following ownership interest in the property: Jessie Mae Nicholas an undivided Vs, Clayton Lyons an undivided ½ and Garlin N. Hebert an undivided ⅜. Defendant has now perfected this devolutive appeal. No appeal was filed by the Louisiana Department of Natural Resources.
Our review of the record reveals that Ray H. Perkins, as the owner of the remaining ⅛ interest in the property at issue, is an indispensable party to this action. Indispensable parties to an action are those whose interests in the subject matter are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. LSA-C.C.P. art. 641. When declaratory relief is sought, all persons shall be made parties who have or claim any interests which would be affected by the declaration. LSA-C.C.P. art. 1880; Sutton v. Montegut, 544 So.2d 1181 (La. App. 5th Cir.1989); Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.), writ denied, 433 So.2d 162 (La.1983). An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident. Humble Oil and Refining Co. v. Jones, 241 La. 661, 130 So.2d 408 (1961); Blanchard, supra.
It is clear that Mr. Perkins’ interests would be affected by the declaratory relief that plaintiffs seek. While we recognize that Mr. Perkins was identified as the owner of the remaining interest in the property in plaintiffs’ amending petition and that he testified for plaintiffs at the trial of this matter, he was never joined as a party to this action as the Code of Civil Procedure requires. We note that under LSA-C.C.P. art. 644 if an indespensable party who should join as a plaintiff refuses or fails to do so, he may be joined as a defendant and required to assert his rights in the action or be precluded thereafter from asserting them.
The failure to join an indispensable party to an action may be noticed by a appellate court on its own motion. LSA-C. C.P. arts. 645, 927. When an appellate court notices the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial. Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65 (1952); Edmonson v. Abell, 423 So.2d 100 (La.App. 1st Cir. 1982).
For the above assigned reasons, the judgment of the trial court is vacated and set aside. The case is remanded for the purpose of joining Ray H. Perkins as a party to this proceeding and for a retrial of this case. Costs of this appeal are to be divided equally between the plaintiffs-ap-pellees and the defendant-appellant.
REVERSED AND REMANDED.