987 So.2d 323 (2008)
Richard FEWELL, Sr., Sheriff of Ouachita Parish, Plaintiff-Appellant
v.
CITY OF MONROE, City of West Monroe, Town of Richwood, Village of Sterlington and The Ouachita Parish Police Jury, Defendants-Appellees.
No. 43,281-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 2008.
Rehearing Denied August 7, 2008.
Neal G. Johnson, Monroe, for Appellant Richard L. Fewell, Sr., Sheriff of Ouachita Parish.
*324 Nanci S. Summersgill, for Appellee City Attorney City of Monroe.
Jay Nolen, Monroe, for Appellee Town of Richwood.
Blackwell Chambliss, By Douglas C. Caldwell, West Monroe, for Appellee City of West Monroe.
Jay B. Mitchell, Assistant District Attorney, for Appellee Parish of Ouachita.
Newman and Oliveaux, LLP, By Todd G. Newman, Monroe, for Appellee Village of Sterlington.
Before BROWN, STEWART and LOLLEY, JJ.
STEWART, J.
Sheriff Richard J. Fewell appeals the trial court's judgment entered in favor of the City of Monroe, the City of West Monroe, the Town of Richwood, the Village of Sterlington, and the Ouachita Parish Police Jury, finding that the sheriff had the sole responsibility to transport and bear all costs associated with transporting patients to a treatment facility pursuant to La. R.S. 28:53(F). For the reasons set forth below, we reverse and remand this case with instructions.

FACTS
On December 7, 2006, Richard J. Fewell, the duly elected sheriff of Ouachita Parish, filed a petition for a declaratory judgment against the City of Monroe, the City of West Monroe, the Town of Richwood, the Village of Sterlington, and the Ouachita Parish Police Jury, to have the rights and liabilities of the parties declared in accordance with the law. The issues to be decided by declaratory judgment were: (1) whether the obligation to transport mental health patients under a Physician's Emergency Certificate pursuant to La. R.S. 28:53(F), infra, is solely that of the Sheriff or whether such responsibility can be allocated to the agency of the entity where the individual is located; and (2) whether the cost of transporting persons who are subject to a Physician's Emergency Certificate should be allocated between municipalities and the Police Jury based on the residency of the mental health patient.
On October 31, 2007, the trial court issued its ruling that the obligation to transport and pay costs of transportation under La. R.S. 28:53(F) is solely the responsibility of the sheriff:
. . . it is the ruling of this Court that the obligation to transport mental health patients under a Physician's Emergency Certificate, pursuant to La. R.S. 28:53(F), is solely that of the Sheriff and can only be allocated to the municipality encompassing the patient's residency if the municipal official personally observes conduct that gives reasonable grounds to believe the person is a proper subject for involuntary admission to a treatment facility as provided in 28:53(L); and that the cost of transporting persons who are subject to a Physician's Emergency Certificate or judicial commitment should be borne by the transporting agency which should be the Sheriff.
The instant appeal followed.

DISCUSSION
Sheriff Fewell argues that the trial court erred in determining that the sheriff had the sole responsibility to transport and bear all costs associated with transporting patients to a treatment facility pursuant to La. R.S. 28:53(F).
La. R.S. 28:53(F) provides for the method of transportation to a mental or substance abuse facility:
F. An emergency certificate shall constitute legal authority to transport a patient to a treatment facility and shall *325 permit the director of such treatment facility to detain the patient for diagnosis and treatment for a period not to exceed fifteen days, and to return the patient to the facility if he is absent with or without permission during authorized periods of detention. If necessary, peace officers shall apprehend and transport, or ambulance services, under appropriate circumstances, may locate and transport, a patient on whom an emergency certificate has been completed to a treatment facility at the request of either the director of the facility, the certifying physician, psychiatric mental health nurse practitioner, or psychologist, the patient's next of kin, the patient's curator, or the agency legally responsible for his welfare.
La. R.S. 28:142 addresses the issue of cost allocation in the event that the patient or his legally responsible relative cannot pay the costs associated with a transport pursuant to a Physician's Emergency Certificate:
If financially able, the patient or his legally responsible relative shall pay all the costs incident to transporting a patient to the mental hospital; otherwise the department, in the case of a nonresident, shall pay these costs. If a patient's domicile is in a parish other than that in which the hearing was held, the former parish shall reimburse the latter for these costs.
We pretermit a discussion on the issue of whether the trial court erroneously found that the obligation to transport and to pay the costs of transportation under La. R.S. 28:53(F) is solely the responsibility of the sheriff because we notice the absence of a party needed for just adjudication. An appellate court may notice the failure to join a party to an action needed for just adjudication on its own motion. La. C.C.P. art. 645.
When we previously would address the issue of joinder of parties, we would distinguish between necessary and indispensable parties. Indispensable parties to an action were those whose interests in the subject matter are so interrelated, and would be so directly affected by judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. No adjudication of an action can be made unless all indispensable parties are joined therein. Frey v. American Quarter Horse Association, 659 So.2d 849 (La.App. 5 Cir. 7/25/95). Parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights. State, Dept. of Hwys v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973).
The provisions on joinder of parties were amended to their present form by La. Acts 1995, No. 662, effective August 15, 1995. The amendment removed the terms "necessary and indispensable parties" and inserted the concept of "joinder of parties needed for just adjudication." Family Federal Savings and Loan Association of Shreveport v. Huckaby, 30,481 (La.App. 2 Cir. 5/13/98), 714 So.2d 80. Parties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La. C.C.P. art. 641. Under the revision, an analysis of the interests of the joined and non-joined parties with respect to the action is required to determine whether the action may proceed. Estate of Bradford v. Thomas, 29,807 (La.App. 2d Cir.9/24/97), 700 So.2d 1030.
The instant action was brought as a declaratory judgment. When declaratory *326 relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. La. C.C.P. art. 1880. An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident. Blanchard v. Naquin, 428 So.2d 926 (La.App. 1 Cir. 1983).
Sheriff Fewell filed this declaratory action against the City of Monroe, the City of West Monroe, the Town of Richwood, the Village of Sterlington, and the Ouachita Parish Police Jury. La. R.S. 28:142 imposes the costs to transport a patient to the mental hospital upon "the department," in the case of a nonresident. Pursuant to La. R.S. 28:2, "the department" to which La. R.S. 28:142 is referring to is the Department of Health and Hospitals ("DHH"). By reason of the preceding language, it is essential that DHH be joined in this action because its existence and claim are evident.
We find that in this case DHH is a party needed for just adjudication because it is clearly a party with an interest that will be affected by the declaration. Due to the fact that DHH is "the department" referred to in the statute directly related to this action, it must be cited in this declaratory judgment action.
In light of the failure of Sheriff Fewell to join a party needed for just adjudication, DHH, we hereby notice the lack of this party on our own motion. Since no adjudication may be made unless a party needed for just adjudication is joined, our notice of appeal of the absence of a party needed for just adjudication, will result in a remand for joinder and a retrial with the DHH joined.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for the purpose of joining the Department of Health and Hospitals as a party needed for just adjudication to these proceedings and for a retrial of the case. Costs of this appeal are to be split equally among the parties.
REVERSED AND REMANDED WITH INSTRUCTIONS.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, PEATROSS and LOLLEY, JJ.
Rehearing denied.