McClendon, J.,
concurring in part and dissenting in part.
I agree that the trial court erred in declaring Faith Baptist Spiritual Church, which was not a party to the litigation, to be the owner of the church property and East Feliciana property. However, I disagree with the majority’s analysis. While the majority merely allows the Church an opportunity to intervene and vacates only *399 a portion of the judgment, I find the Church to be a party necessary for a complete and equitable adjudication of the controversy. Therefore, I would vacate the entire judgment and remand for a joinder of the Church and a retrial of the case, including further evidence to determine if the Church is a juridical entity capable of owning property and to determine any ownership rights of Faith Baptist Spiritual Church. See LSA-C.C. art. 479.[1]
Louisiana Code of Civil Procedure article 641 provides:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons -already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
As noted by the majority, Mr. Sims recognized in his pleadings that Faith Baptist Spiritual Church asserted a potentially adverse ownership claim to the church property and the East Feliciana property. Nevertheless, the Church was not joined as a party.[2] Additionally, the trial court adjudicated the Church to be the owner of the property at issue. Clearly, Faith Baptist Spiritual Church should be joined in the action.
Louisiana Code of Civil Procedure article 646 provides that “[w]hen the failure to join a party ... is noticed by an appellate court, the [appellate court] may remand the case for [amendment of the petition] and further evidence.” Accordingly, I would remand this matter to the trial court for the amendment of the petition to join Faith Baptist Spiritual Church as a party and for retrial of the entire case. See Blanchard v. Naquin, 428 So.2d 926, 928 (La.App. 1 Cir.), writ denied, 433 So.2d 162 (La. 1983).
McClendon, J., concurs in part and dissents in part for assigned reasons.

. Louisiana Civil Code Article 479 provides that "[t]he right of ownership may exist only in favor of a natural or juridical person.” The official 1979 revision comments to article 479 recognize that "[a]n unincorporated association may have certain attributes of juridical personality. See Yiannopoulos, Louisiana Civil Law System 105 (1978).” LSA-C.C. art. 479 Official Revision Comment (c) (1979).

. A party is defined as "anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment.” Black’s Law Dictionary (10th Ed. 2014).