PAMELA J. OLANO, SILVER     *        NO. 2020-CA-0396
BOURBON, INC., LABEATI,
INC., BOURBON BURLESQUE    *
CLUB, INC., RAYMONE            COURT OF APPEAL
PALAZZOLO, AND GUY W.      *
OLANO, JR.                    FOURTH CIRCUIT
                          *
VERSUS                     STATE OF LOUISIANA
                * * * * * * *
BILLIE V. KARNO, KARNO
410 BOURBON REAL ESTATE,
LLC, KARNO 327 BOURBON
REAL ESTATE, LLC, BVK
ENTERPRISES, INC.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05225, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Regina Bartholomew-Woods, Judge Paula A. Brown,
Judge Dale N. Atkins)

Thomas J. Barbera
BARBERA LAW FIRM
3330 Lake Ville Drive, Suite 202
Metairie, LA 70002

        COUNSEL FOR PLAINTIFF/APPELLANT

Robert J. Ellis, Jr.
R.J. ELLIS LAW FIRM, LLC
650 Poydras Street
Suite 2615
New Orleans, LA 70130

        COUNSEL FOR DEFENDANT/APPELLEE

                  **JUDGMENT VACATED; REMANDED**
                              **APRIL 7, 2021**

DNA
RBW
PAB

This is a declaratory judgment action. Appellant, N'awlins Entertainment of Louisiana, Inc. ("NEL"), appeals the trial court's June 5, 2020 declaratory judgment, which declared two leases NEL had for properties located on Bourbon Street in New Orleans invalid and unenforceable. For the reasons that follow, we vacate the trial court's declaratory judgment and remand this matter for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

An explanation of the parties relevant to this appeal and their relationships is necessary to the following Opinion. At issue herein are two lease agreements for two properties located in New Orleans: one lease agreement is for 327 Bourbon Street (the "327 Lease"), and the other is for 410 Bourbon Street (the "410 Lease"). 327 Bourbon Street is co-owned by Karno 327 Bourbon Real Estate, LLC and 327 Bourbon Street, LLC. 410 Bourbon Street is co-owned by Karno 410 Bourbon Real Estate, LLC and 410 Bourbon Street, LLC.

On December 10, 2018, Appellant-Lessee NEL executed the 327 Lease with 327 Bourbon Street, LLC. The same day, NEL also executed the 410 Lease with 410 Bourbon Street, LLC. Appellees, Karno 327 Bourbon Real Estate, LLC and

1

Karno 410 Bourbon Real Estate, LLC (collectively, the "Karno entities"), were not parties to the 327 Lease or the 410 Lease, nor were the Karno entities aware of the lease agreements. The 327 Lease and the 410 Lease included provisions that NEL would receive a nightly rental fee totaling $1,000 for one-half of the leasehold interest that NEL had in the properties.

On December 14, 2018, the Karno entities received correspondence and demands for rent payments for the nightly $1,000 rental fee from NEL's attorney. This was the first time the Karno entities became aware of the 327 Lease and the 410 Lease.

After receiving the correspondence and demand for rent payments, on February 14, 2019, the Karno entities filed a Petition for Declaratory Judgment[1] requesting that a judgment be entered finding that the 327 Lease and the 410 Lease were invalid and unenforceable. The Karno entities did not name 327 Bourbon Street, LLC and 410 Bourbon Street, LLC (collectively, the "Bourbon entities") as parties to their Petition for Declaratory Judgment.

In response, on March 15, 2019, NEL filed exceptions of nonjoinder of parties for failure to name the Bourbon entities; improper cumulation of actions; insufficiency of service of process; and vagueness. After the Karno entities filed oppositions to NEL's exceptions, hearing on NEL's exceptions and the Karno entities' Petition for Declaratory Judgment was held on May 17, 2019. On June 5, 2020, the trial court rendered judgment, finding that the exception of insufficient service of process was moot. The trial court further denied NEL's exceptions of nonjoinder of parties, improper cumulation of actions, and vagueness, and granted

---

[1] The Petition of Declaratory Judgment within a pending lawsuit for damages wherein the Karno entities are named defendants. The Bourbon entities were not involved in that litigation.

the Petition for Declaratory Judgment in favor of the Karno entities, finding that the 327 Lease and the 410 Lease were invalid and unenforceable as a matter of law.

NEL's appeal timely followed.

## DISCUSSION

### *ASSIGNMENTS OF ERROR*

NEL assigns three errors on appeal:

(1) The Bourbon entities are necessary parties to the declaratory judgment, and the trial court erred in not ordering the Karno entities to name them herein before granting declaratory relief;

(2) the trial court erred in rendering judgment without receiving any evidence or testimony; and

(3) the trial court erred in granting the Karno entities' Petition for Declaratory Judgment and ruling the lease agreements held by NEL were invalid and unenforceable.

### *STANDARD OF REVIEW*

A declaratory judgment is appealable as a final judgment. *Whitaker Const. Co., Inc. v. Larkin Dev. Corp.*, 34,297, p. 3 (La. App. 2 Cir. 12/6/00), 775 So.2d 571, 573. The scope of appellate review is limited to determining if the trial court's grant or denial of a declaratory judgment was an abuse of its discretion. *City of New Orleans v. Advanced Envtl. Consulting, Inc.*, 2013-0409, p. 5 (La. App. 4 Cir. 12/4/13), 131 So.3d 912, 916 (citing *Battle v. Watson Invs., Inc.*, 2006-0202, p. 2 (La. App. 4 Cir. 11/21/06), 946 So.2d 226, 228). "Moreover, the Louisiana Supreme Court has held that '[t]rial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief.'" *Id.* (quoting *Battle*, 2006-0202, p. 3, 946 So.2d at 228) (internal citation omitted).

3

*Assignment of Error No. 1*

In its first assignment of error, NEL contends that the Bourbon entities, as parties to the 327 Lease and the 410 Lease are necessary parties to this action. The Karno entities counter that the Bourbon entities are not necessary to the declaratory judgment action because the action was brought only to: (1) invalidate the 327 Lease and the 410 Lease; and (2) declare the Karno entities' right not to be subjected to rental fees under the 327 Lease and the 410 Lease to which the Karno entities did not consent.

Declaratory judgments, such as the one here, are provided for in La. C.C.P. art. 1871, which states that "[c]ourts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed." Further, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate…" and "[t]he declaration shall have the force and effect of a final judgment or decree." La. C.C.P. art. 1871.

"Use of the word 'may,' rather than 'shall' evidences the legislature's intent to afford the trial court substantial discretion in deciding whether or not to render declaratory judgment." *Id.*, 2005-1051, p. 4, 933 So.2d at 886. "A trial court must render declaratory judgment where such judgment would terminate uncertainty or controversy giving rise to proceeding; however, within its sound discretion, it may choose or refuse to render declaratory judgment which would not terminate such uncertainty." *Id.*, 2005-1051, p. 5, 933 So.2d at 886 (citation omitted).

"A declaratory judgment is a vehicle used to 'declare rights, status, and other legal relations whether or not further relief is or could be claimed.'" *In re*

4

*Interment of LoCicero*, 2005-1051, p. 5 (La. App. 4 Cir. 5/31/06), 933 So.2d 883, 886 (quoting La. C.C.P. art. 1874).

Here, NEL challenges the trial court's ruling on its exception of nonjoinder of parties, contending that the declaratory judgment rendered by the trial court in this case was improper because not all parties that were necessary to the action were named in the litigation. Whether a party should be joined in an action is governed by La. C.C.P. art. 641, which provides:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence, complete relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> > (a) As a practical matter, impair or impede his ability to protect that interest.
> >
> > (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

La. C.C.P. art. 645 provides that "[t]he failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion." Similarly, La. C.C.P. art. 927(A) provides, in pertinent part, that "[t]he objections which may be raised through the peremptory exception include but are not limited to … Nonjoinder of a party under Articles 641 and 642." La. C.C.P. art. 927(B) provides that "[t]he nonjoinder of a party … may be noticed by either the trial or appellate court on its own motion."

In *Two Canal St. Inv'rs, Inc.*, 2016-0825, p. [ ] (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, 1011, this Court discussed the history of La. C.C.P. art. 641, noting that before the article was amended, courts "would address the issue of

5

joinder of parties distinguishing between necessary and indispensable parties." This Court explained that, before the amendment "[i]ndispensable parties to an action were those whose interests in the subject matter were so interrelated, and would be so directly affected by judgment, that a complete and equitable adjudication of the controversy could not be made unless they were joined in the action." *Id.* Thus, "[n]o adjudication of an action could be made unless all indispensable parties were joined therein" and "[p]arties would be deemed indispensable only when that result was absolutely necessary to protect substantial rights." *Id.* (citing *Fewell v. City of Monroe*, 43,281, p. 3 (La. App. 2 Cir. 6/11/08), 987 So.2d 323, 325).

When the provisions on joinder of parties were amended, the "amendment removed the terms 'necessary and indispensable parties' and inserted the concept of 'joinder of parties needed for just adjudication.'" *Id.* (citing *Fewell*, 43,281 at p. 4, 987 So.2d at 325). Thus, under the amended La. C.C.P. art. 641, "[p]arties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action." *Id.*, 2016-0825, p. [ ], 202 So.3d at 1011-12. "A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights." *Id.* (internal citations omitted).

Courts should conduct a factual analysis of all the interests involved to determine whether a party should be joined, or if the party cannot be joined, whether the action should proceed. *Id.*, p. [ ], 202 So.3d at 1011 (citing *Gibbs v. Magnolia Living Ctr., Inc.*, 38,184, p. 8 (La. App. 2 Cir. 4/7/04), 870 So.2d 1111, 1116; *Branch v. Young*, 2013-686, p. 8 (La. App. 5 Cir. 2/26/14), 136 So.3d 343,

6

350). "An analysis of the interests of the joined and nonjoined parties with respect to the action is required to determine whether the action may proceed." *Lowe's Home Const., LLC v. Lips*, 2010-762, p. 6 (La. App. 5 Cir. 1/25/11), 61 So.3d 12, 16 (citing *Fewell*, 43,281, p. 4 987 So.2d at 325).

"Although the classification of a party as indispensable no longer appears in La. C.C.P. art. 641, by using the word 'shall,' the article still makes mandatory the joinder of the person described in La. C.C.P. art. 641 as a party to the suit." *Two Canal St. Inv'rs, Inc.*, 2016-0825, p. [ ], 202 So.3d 1003, 1012. Accordingly, "an adjudication made without making a person described in the article a party to the suit is an absolute nullity." *Id.* (internal citations omitted). *See also Hernandez v. State, ex rel. Dep't of Transp. & Dev.*, 2002-0162, p. 13 (La. App. 4 Cir. 10/16/02), 841 So.2d 808, 818.

In *Hernandez*, this Court discussed that "[a] necessary corollary to the rule is that a party's failure to join an indispensable party to a declaratory judgment action deprives the trial court of subject-matter jurisdiction over that action." *Id.* We noted that "[a]lthough no Louisiana court has previously applied the above reasoning to hold that a declaratory judgment entered in the absence of an indispensable party is absolutely null, our decision on this issue is nevertheless consistent with the Louisiana Supreme Court's [decision]…[i]n *Horn v. Skelly Oil Co.*, 221 La. 626, 60 So.2d 65 (1952)." *Id.*, 2002-0162, p. 14 (La. App. 4 Cir. 10/16/02), 841 So.2d at 818. We further noted that, in *Horn*, the Louisiana Supreme Court "**annulled** and set aside a judgment entered in the absence of a necessary party and remanded the case to allow the necessary party to be named." *Id.*, 2002-0162, p. 13, 841 So.2d at 818. (Emphasis in original).

7

In addition to the general procedural articles governing joinder of a party, there are specific statutory provisions governing an interested party to an action for declaratory relief. When, as here, declaratory relief is sought, "all persons shall be made parties who have or claim any interests which would be affected by the declaration…." La.C.C.P. art. 1880. La. C.C.P. art. 1880 further provides that "no declaration shall prejudice the rights of persons not parties to the proceeding." Accordingly, "[a]n affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident." *Blanchard v. Naquin*, 428 So.2d 926, 928 (La. App. 1 Cir. 1983) (citing *Humble Oil and Refining Company v. Jones*, 241 La. 661, 130 So.2d 408 (1961)).

Based on these principles, we find that the Bourbon entities are necessary parties in this action, and the trial court erred in granting the Karno entities' request for declaratory relief without the Bourbon entities. Joinder of the Bourbon entities is necessary because they are the lessors in the 327 Lease and the 410 Lease that the Karno entities sought to anul and are co-owners of the subject properties. Accordingly, the Bourbon entities have rights and interests that are adversely and directly affected by the trial court's declaration that the leases are invalid and unenforceable. Their rights and interests consist of, *inter alia*, a real right to rent and other revenue from NEL. Because the Bourbon entities were not made parties to this action, declaratory judgment was rendered without Bourbon being given the opportunity to present its claims and defenses, and its interests and rights regarding the lease agreements were not considered by the trial court.

Thus, we find that the resolution of a dispute between two co-owners of land and a third-party lessee regarding the validity of lease agreements entered into by one of the co-owners and the third-party lessee requires the consenting co-owner to

8

be joined to the action for declaratory relief instituted by the nonconsenting co-owner. Because the Karno entities sought and were granted a declaratory judgment the 327 Lease and the 410 Lease between the Bourbon entities and NEL were invalid, the Bourbon entities needed to have been joined for just adjudication. The judgment declaring the leases invalid impaired and deprived the Bourbon entities of their rights to hold NEL responsible for rent, other revenue, and maintenance provided under the 327 Lease and the 410 Lease, as well as to assert defenses against the Petition for Declaratory Judgment.

The trial court abused its discretion by failing to require that the Karno entities join the Bourbon entities in the declaratory judgment action prior to rendering judgment that the 327 Lease and the 410 Lease were invalid. Because the declaratory judgment was rendered in the absence of necessary parties—the Bourbon entities—it is an absolutely nullity. Accordingly, we vacate the judgment and remand for further proceedings.

Having found that the judgment is an absolutely nullity, we pretermit discussion of NEL's other assignments of error.

### DECREE

For the foregoing reasons, we vacate the trial court's June 5, 2020 declaratory judgment and remand this matter to the trial court for further proceedings.

**JUDGMENT VACATED; REMANDED**