THE COUNCIL OF THE CITY          *          NO. 2023-C-0267
OF NEW ORLEANS
                                 *

VERSUS                                      COURT OF APPEAL
                                 *

EDWARD WISNER                               FOURTH CIRCUIT
DONATION, ET AL.                 *

                                            STATE OF LOUISIANA
                     * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-06765, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Judy Y. Barrasso
Shaun P. McFall
Robert A. Waldrup
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112

Justin B. Schmidt, 25864
THEW LAW OFFICE OF JUSTIN B. SCHMIDT
1506 Seventh Street
New Orleans, LA 70115

        COUNSEL FOR PLAINTIFF/RELATOR

Terrence K. Knister
Daniel Lund
John Y. Pearce
R. Ethan Zubic
Katherine E. Clark
GORDON, ARATA, MONTGOMERY, BARNETT,
MCCOLLAM, DUPLANTIS, & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170

        COUNSEL FOR INTERVENORS/RESPONDENTS

                                 **WRIT GRANTED;**
                                 **RELIEF DENIED.**
                                 **JULY 3, 2024**

SCJ
JCL'
RML

The Council of the City of New Orleans seeks review of the trial court's judgment of March 20, 2023, granting intervenors, the Wisner Family Interests', peremptory exception of nonjoinder filed in response to the Council's petition for declaratory and injunctive relief and ordering the Council to amend the petition to name as defendants the entities and individuals identified as beneficiaries and successors in interest of the donation. Upon remand from the Louisiana Supreme Court, we review the merits of the Council's writ application and grant the writ application but deny relief, finding that the trial court did not err when it granted the peremptory exception of nonjoinder and ordered the Council to amend its petition to include as defendants all entities and individuals identified as beneficiaries and successors named in the 2020 Agreement.[1]

---

[1] On June 15, 2023, this Court denied the Council's writ application, as moot on the basis of this Court's decision in *Council of the City of New Orleans v. Edward Wisner Donation et al.*, 2022-0790 (La. App. 4 Cir. 6/9/23), 371 So.3d 74, which dismissed the Council's petition with prejudice. *Council of the City of New Orleans v. Edward Wisner Donation et al.*, 2023-0267, unpub. (La. App. 4 Cir. 6/15/23). The Council took supervisory writs to the Louisiana Supreme Court. On June 5, 2024, the Supreme Court granted writs and remanded the matter to this Court, for review on the merits in light of the Supreme Court's opinion in *Council of City of New Orleans v. Edward Wisner Donation,* 2023-01106 (La. 3/22/24), 382 So.3d 27, which reversed this Court's decision in *Council of the City of New Orleans v. Edward Wisner Donation et al.*, 2022-0790 (La. App. 4 Cir. 6/9/23), 371 So.3d 74, and remanded the matter back to this Court. *Council of the City of New Orleans v. Edward Wisner Donation et al.*, 2023-01541 (La. 6/5/24), ___ So.3d ___.

## PROCEDURAL HISTORY

The Council of the City of New Orleans filed a Petition for Declaratory and Injunctive Relief on July 29, 2022, against multiple defendants, namely, Edward Wisner Donation, Mayor Cantrell as Trustee and members of the Edward Wisner Trust Management Board (the "Board") in their representative capacity. In the petition, the Council alleged that when the Wisner Trust expired on August 4, 2014, the City as the principal beneficiary of the trust immediately became vested with full ownership of the Trust corpus, and it was the Mayor's duty as trustee to carry out the duty of delivering the trust property. The Council averred that former Mayor Mitch Landrieu and subsequently Mayor Cantrell, did not take any meaningful steps to deliver the Trust property solely to the City of New Orleans, but from August 2014 until March 2020, along with the Wisner Heirs, and the Advisory Committee, continued to operate the expired Trust under the pre-termination status quo continuing distribution of the Trust's revenues to the former income beneficiaries.

The Council alleged in the petition that on March 3, 2020, the Mayor and other members of the Advisory Committee purported to enter into an agreement styled as a Ratification, Extension, Modification and Amendment of the August 4, 1914 Edward Wisner Donation. The agreement was retroactively effective as of August 3, 2014" and purported to modify the expired Trust. The Council asserted that the agreement was contrary to the intent of the settlor – Edward Wisner – and the law, as it purported to continue the expired Trust in perpetuity, but now as a mixed trust; the City was no longer the sole principal beneficiary, under the agreement all prior beneficiaries (principal and income), in perpetuity would receive percentages (Wisner Heirs 40%, the City 34.8%, Charity Hospital 12%,

2

Tulane University 12% and the Salvation Army 1.2%); the agreement provided that the Trust was perpetual unless terminated by unanimous vote of the private Trust Management Board and  that where it conflicted with the 1914 document, the agreement would control, which was contrary to the intent of the settlor and the law.  The Council further alleged that the agreement purports to replace the Advisory Committee, established by the City Code, with a privately managed board shielded from oversight and scrutiny from the public, the media, or the City Council and effectively donate the City's assets to private persons and entities and impermissibly restrict use of the City's assets, in perpetuity at the unilateral behest of the Mayor without any public oversight by the City Council or the public.  The Council averred that the agreement was not provided to the Council until months after its execution and still has not been approved by the Council.  It was stated that under the agreement, the City only receives 34.8 percent of the revenues, although entitled to one hundred percent, with the property in 2018 grossing revenues over $9 million dollars; and that the Trust properties have values that have been estimated between $74 and $114 million, but under the agreement a substantial portion of the assets belonging to the City are purportedly donated and transferred to private entities and have restricted use.

In the petition, the Council requested declaratory relief, for judgment that, as of August 2014, the City owns the entire Trust Corpus, as the sole principal beneficiary by law; the agreement is an illegal disposition of public property; the agreement is an absolute nullity, as the trust has terminated; the 2020 agreement is an impermissible modification of the Trust; the agreement is an impermissible attempt to create a new trust; and the creation of the private Edward Wisner Trust Management Board violates City Code Chapter 2, Division 4.   Relator also

3

requested injunctive relief to enjoin any further distribution of the Trust proceeds to previous income beneficiaries and to enjoin the City from entering into any new contracts without the Council's approval to distribute Trust proceeds while the litigation is pending. The petition included requests for a temporary restraining order, and both a preliminary and permanent injunction, alleging that irreparable harm will be suffered unless an injunction is issued.

On November 28, 2022, intervenors, Wisner Family Interests, LLC, Mark E. Peneguy, Cook Family Properties, LLC, Wendell H. Cook, Jr., EWP Family Properties, LLC and Edward W. Peneguy, Jr. ("Wisner Family Interests"), filed a Peremptory Exception of Nonjoinder, arguing that the Council failed to name parties who have an interest relating to the subject matter of the lawsuit, without whom, complete relief cannot be accorded to the current parties and their absence in the adjudication would impair and impede their ability to protect their interests. The Council opposed the exception of nonjoinder, asserting that the parties who were already defendants in the action were legal representatives of the intervenors and joinder was not necessary to protect their interests. After a hearing on the exception on March 3, 2023, the trial court ruled from the bench and maintained the exception, finding that the unnamed alleged beneficiaries were indispensable parties. In a written judgment signed on March 20, 2023, the trial court directed the Council to join as defendants the forty-three individuals and entities listed in Exhibit 2 of the Affidavit of L. Amanda Phillips dated January 11, 2023. The Council was ordered to name them within thirty days of the signed judgment or have its case dismissed with prejudice. The Council subsequently sought supervisory review of the trial court's ruling granting the exception of nonjoinder of parties.

4

## STANDARD OF REVIEW

An appellate court's review of the trial court's ruling on a peremptory exception based on the nonjoinder of a party needed for just adjudication is under the abuse of discretion standard of review. *Minot obo Minot v. Waffle House, Inc.*, 2020-0444, p. 3 (La. App. 4 Cir. 10/2/20), 365 So.3d 709, 712.

## DISCUSSION

The Council argues that the trial court abused its discretion in finding that complete relief could not be accorded under La. C.C.P. article 641 without joining the individuals and entities identified as parties to the 2020 Agreement. The Council further asserts that the trial court abused its discretion when it ordered the Council to join the individuals and entities identified by the Wisner Family Interests as defendants in the present litigation.

La. C.C.P. article 641 requires a party to be joined in an "action when either: (1) [i]n his absence complete relief cannot be accorded among those already parties[;] or (2) [h]e claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either: (a) [a]s a practical matter, impair or impede his ability to protect that interest.[; or] (b) [l]eave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations."

"[A] party must be joined if relief cannot be accorded among the parties without the absent party. Likewise, a party must be joined if he claims an interest relating to the subject matter of the case, and proceeding without him may: impair or impede his ability to protect that interest, or the parties are subjected to a substantial risk of incurring multiple or inconsistent obligations." *Ely Edwards Enterprises, Inc. v. New Orleans Redevelopment Auth.,* 2021-0685, pp. 3-4 (La.

5

App. 4 Cir. 4/27/22), 338 So.3d 550, 553 (citing *Terrebonne Par. Sch. Bd. v. Bass Enterprises Prod. Co.*, 2002-2119, p. 4 (La. App. 1 Cir. 8/8/03), 852 So.2d 541, 544). "[A]n adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity under La. C.C.P. art. 2002." *Id.*

In the present case, the Council seeks declaratory judgment that, as of August 2014, the City owns the entire Trust Corpus, as the sole principal beneficiary by law and that the 2020 Agreement is an absolute nullity, as well as injunctive relief to enjoin further distribution of the Trust proceeds to the previous income beneficiaries. The Council included as defendants in the action Edward Wisner Donation, Mayor Cantrell as Trustee and members of the Edward Wisner Trust Management Board, in their representative capacity. However, the Council did not name as defendants all the individuals and entities there were parties to the 2020 Agreement. The Council argues that joinder of these individuals and entities is not necessary because their interests are sufficiently represented by the named defendants. The Council suggests that the parties to the 2020 Agreement provided in the agreement that the members of the Board were to represent their interests in litigation. The Council avers the joinder is not possible because the identities and claims of the unnamed parties are unknown to the Council.

Intervenors, the Wisner Family Interests, argue that the Council's "agency theory" with regard to the 2020 Agreement is without merit, because there is no provision in the Agreement wherein the beneficiaries granted the Board a power of attorney or procuration. They aver that the Council's claim that the City has 100% ownership to the exclusion of the other co-owners/trust beneficiaries, demonstrates that pursuant to La. C.C.P. art. 641, that the unnamed parties have an unquestionable right to protect their interests in the trust corpus. Intervenors assert

6

that joinder is not impossible because all beneficiaries under the 2020 Agreement have been identified and their information provided to the Council.

Joinder is required in this matter under both the general procedural articles governing joinder of a party and those specific to an action for declaratory relief. The Council seeks a declaratory judgment that the City is the sole principal beneficiary to the Trust Corpus and to nullify the 2020 Agreement (Exhibit #A to Council's Opposition), which included as parties, individuals and entities not named in this suit. They are necessary parties to this litigation. All parties to the 2020 Agreement (Exhibit #A to Council's Opposition) are needed for just adjudication in this action, provided they have an interest relating to the subject matter of the action (i.e. ownership of the Trust Corpus and possible annulment of the Agreement of which they were a party) and are so situated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.

This Court recently discussed the issue of necessary parties in *Olano v. Karno*, 2020-0396 (La. App. 4 Cir. 4/7/21), 315 So.3d 952. In *Olano*, this Court held that the "resolution of a dispute between two co-owners of land and a third-party lessee regarding the validity of lease agreements entered into by one of the co-owners and the third-party lessee requires the consenting co-owner to be joined to the action for declaratory relief instituted by the nonconsenting co-owner." *Olano*, 2020-0396, pp. 8-9, 315 So.3d at 958. In so ruling, this Court referenced La. C.C.P. article 641, and relied upon its opinion in *Two Canal St. Inv'rs, Inc. v. New Orleans Building Corporation*, 2016-0825 (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, wherein the Court discussed the history of La. C.C.P. art. 641. The Court also considered La. C.C.P. article 1880, which provides that "[w]hen

7

declaratory relief is sought, all persons shall be made parties who have or claim any interests which would be affected by the declaration." La. C.C.P. art. 1880 further provides that "no declaration shall prejudice the rights of persons not parties to the proceeding." Accordingly, "[a]n affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident." *Olano*, 2020-0396, p.8, 315 So.3d at 958 (quoting *Blanchard v. Naquin*, 428 So.2d 926, 928 (La. App. 1 Cir. 1983) (citing *Humble Oil & Refining Co. v. Jones*, 241 La. 661, 130 So.2d 408 (1961)).

In *Two Canal St. Inv'rs, Inc.*, 2016-0825, 202 So.3d 1003, the plaintiff filed suit challenging the bidding process under the Public Lease law and sought a declaratory judgment nullifying the lease between the defendant and Carpenter-Woodward. Carpenter-Woodward intervened in the proceedings, asserting that it was an indispensable party to the litigation and should have been joined as a party-defendant. The Court agreed, noting that "because Carpenter-Woodward's rights and interests are directly affected by this litigation, they appropriately joined the present litigation. Their status as intervenors is cured by La. C.C.P. art. 641[.]" *Two Canal St. Inv'rs, Inc.*, 2016-0825, p. 16, 202 So.3d at 1015.

The Court discussed the 1995 amendment to La. C.C.P. article 641, which no longer referenced indispensable parties:

> Before La. C.C.P. art 641 was amended, we would address the issue of joinder of parties distinguishing between necessary and indispensable parties. Indispensable parties to an action were those whose interests in the subject matter were so interrelated, and would be so directly affected by judgment, that a complete and equitable adjudication of the controversy could not be made unless they were joined in the action. No adjudication of an action could be made unless all indispensable parties were joined therein. Parties would be deemed indispensable only when that result was absolutely necessary to protect substantial rights. *Fewell v. City of Monroe,* 43,281, p. 3 (La. App. 2 Cir. 6/11/08), 987 So.2d 323, 325.

The provisions on joinder of parties were amended to their present form by La. Acts 1995, No. 662, effective 15 August 1995. The amendment removed the terms "necessary and indispensable parties" and inserted the concept of "joinder of parties needed for just adjudication." *Fewell,* 43,281 at p. 4, 987 So.2d at 325, citing *Family Federal Sav. & Loan Ass'n of Shreveport v. Huckaby,* 30,481, p. 11 (La. App. 2 Cir. 5/13/98), 714 So.2d 80, 86. Parties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La. C.C.P. art. 641. A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights. *Fewell,* 43,281 at p. 3, 987 So.2d at 325, citing *State, Dept. of Highways v. Lamar Adv. Co. of La., Inc.,* 279 So.2d 671 (La.1973).

Courts are to determine whether a party should be joined and whether the action should proceed if a party cannot be joined by a factual analysis of all the interests involved. *Gibbs v. Magnolia Living Ctr., Inc.*, 38,184, p. 8 (La. App. 2 Cir. 4/7/04), 870 So.2d 1111, 1116; *Branch v. Young*, 13-686, p. 8 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 350. Under the revision, "[a]n analysis of the interests of the joined and nonjoined parties with respect to the action is required to determine whether the action may proceed." *Lowe's Home Const., LLC v. Lips,* 10-762, p.6 (La. App. 5 Cir. 1/25/11), 61 So.3d 12, 16, citing *Fewell, supra*.

Although the classification of a party as indispensable no longer appears in La. C.C.P. art. 641, by using the word "shall," the article still makes mandatory the joinder of the person described in La. C.C.P. art. 641 as a party to the suit. Thus, an adjudication made without making a person described in the article a party to the suit is an absolute nullity. *See Terrebonne Parish Sch. Bd. v. Bass Enterprises Prod. Co.,* [20]02–2119, p. 5 (La. App. 1 Cir. 8/8/03), 852 So.2d 541, 544; *Avoyelles Parish Sch. Bd. v. Bordelon,* [20]11-126, p. 3-4 (La. App. 3 Cir. 10/5/11), 77 So.3d 985, 988.

*Two Canal St. Inv'rs, Inc.*, 2016-0825, pp. 10-12, 202 So.3d at 1011-1012

(footnote omitted).

In considering whether Carpenter-Woodward was a necessary party to the declaratory judgment action, the Court cited to La. C.C.P. article 1880, and discussed its opinion in *Hernandez v. State ex rel. Dept. of Transp. and Development,* 2002-0162, 2002-0163 (La. App. 4 Cir. 10/16/02), 841 So.2d 808. In *Hernandez*, the plaintiff filed a wrongful death action against the DOTD for the death of her biological mother. The plaintiff had been adopted, on her eighteenth birthday, by her great aunt, who raised her. Once the DOTD learned of the

adoption, it filed an exception of no right of action as to the wrongful death action. In response, the plaintiff filed a separate suit for declaratory relief, seeking to revoke and declare the adoption invalid. The DOTD was not made a party to the declaratory judgment action. A declaratory judgment was rendered, holding that the adoption was "invalid, null, void, and without effect as though it had never been executed." *Hernandez*, 2002-0162, 2002-0163, p. 5, 841 So.2d at 813.

After obtaining the declaratory judgment, the plaintiff filed an opposition to the DOTD's exception of no right of action and attached a copy of the declaratory judgment. The trial court denied DOTD's exception of no right action. On appeal, this Court found that the DOTD should have been a party to the declaratory judgment action. The Court focused on the language of La. C.C.P. article 1880, that "all persons should be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The Court went on to hold that the declaratory judgment was null and void because it was rendered without DOTD, a necessary party to the declaratory judgment action. The Court concluded that the trial court erred in denying the DOTD's exception of no right of action "on the basis of th[e] [declaratory] judgment because La. C.C.P. art. 1880 clearly provides that 'no declaration shall prejudice the rights of persons not parties to the proceeding.' Thus, the Declaratory Judgment nullifying Ms. Hernandez's adoption cannot prejudice the DOTD's right to have Ms. Hernandez's case dismissed on an exception of no right of action, because the DOTD's exception was valid at the time it was filed." *Hernandez*, 2002-0162, 2002-163, pp. 12-15, 841 So.2d at 817-819.

10

Finally, the Council's "agency" argument is without merit. As the Wisner Family Interests point out, the 2020 Agreement is void of authorization for the Board to represent the signatories individually or to defend the individual co-owners/trust beneficiaries' ownership rights or a lawsuit seeking annulment of the 2020 Agreement.[2] There is no provision in the 2020 Agreement that specifically authorizes the Board to represent the unnamed beneficiaries in this litigation.

Moreover, based on the provisions provided in La. C.C.P. art. 1880, "all persons…who have…**any** interest which would be affected by the declaration" are indispensable parties to the declaratory judgment action. *Hernandez*, 2002-0162, 2002-0163, pp. 12-13, 841 So.2d 808, 817-18, (citing *Nicholas v. Richardson,* 573 So.3d 1317, 1318 (La. App. 3rd Cir. 1991); *Blanchard,* 428 So.2d at 928) (emphasis in original). "This conclusion is supported by La. C.C.P. art. 641, which defines an indispensable party to a judicial proceeding as a person 'whose interests in the subject matter are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.' Thus, when both the existence and the claim of a person who would be affected by a declaratory judgment are evident, that person must be joined in the petition for

---

[2] In regard to agency, the Louisiana Supreme Court has stated:

> A person who has procedural capacity may appoint an agent to assert the person's claim. To institute and prosecute the action to enforce the rights of his principal, however, **the agent must be *specially authorized* to do so by the principal.** LSA–C.C.P. art. 694, Official Revision Comments–1960, comment (b), *citing Frazier v. Willcox,* 4 Rob. 517 (La.1843); *Wallace, Lithgow & Co. v. Byrne,* 17 La.Ann. 8 (1865); *Casanas v. Audubon Hotel Co.,* 124 La. 786, 50 So. 714 (1909). Furthermore, a person may represent another person in legal relations as provided by law or by juridical act. LSA–C.C. art. 2985. The authority of the representative may be conferred by a contract of mandate. LSA–C.C. art. 2986. "A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." LSA–C.C. art. 2989.

*J-W Power Co. v. State ex rel. Dep't of Revenue & Tax'n*, 2010-1598, pp. 12-13 (La. 3/15/11), 59 So.3d 1234, 1242. (emphasis added).

declaratory judgment." *Hernandez*, 2002-0162, 2002-0163, p. 13, 841 So.2d at 818, (citing *Nicholas,* 573 So.2d at 1318 (citing *Humble Oil & Refining Co.,* 241 La. 661, 130 So.2d 408 (1961)).

It is evident that the unnamed beneficiaries, as parties to the 2020 Agreement, not only have an interest in maintaining the Agreement, but also have what they undoubtedly believe to be, substantial rights in the property. The subject matter of this litigation creates due process issues under both the United States and Louisiana Constitutions that require all interested parties, including the unnamed beneficiaries to be given notice and an opportunity to be heard before their property rights can be affected. *See Richmond v. Bd. of Comm'rs of Orleans Levee Dist.*, 2008-0774, p. 6 (La. App. 4 Cir. 11/26/08), 2 So.3d 485, 488. A judgment rendered without their joinder would be an absolute nullity. *Id.* Further, there is sufficient evidence to show that the Council is now aware of the identity of the alleged beneficiaries since the filing of its petition.

## CONCLUSION

The trial court did not err when it granted the exception for nonjoinder and ordered the Council to join the forty-three parties identified in the affidavit provided by Wisner Family Interests. The trial court did not err when it further ordered the Council to join the additional parties within thirty days of the issuance of the judgment, or have its petition dismissed with prejudice if the Council failed to do so.[3] This matter is remanded to the trial court for further proceedings consistent with this Court's opinion.

---

[3] Pursuant to La. C.C.P. art. 934, when a peremptory exception, such as an exception of nonjoinder is sustained and the grounds for the objections pleaded in the exception can be removed by an amendment of the petition, the trial court is required to order that the petition is amended within the delay it allots; and if the plaintiff does not comply with the trial court's order

**WRIT GRANTED;
RELIEF DENIED.**

---

to amend – the plaintiff's "action, claim, demand, issue, or theory *shall be dismissed*."
(Emphasis added).