GARRETT, J.
|, The defendants, Allen Perritt, Sr., Lyndel C. Perritt, and Lawrence Perritt, appeal from a declaratory judgment finding that a road was tacitly dedicated as a public road. They also claim nonjoinder of a party needed for just adjudication. Finding merit to the second argument, we vacate the trial court judgment and remand the case for further proceedings.
FACTS
In 1966,- the Tensas Parish Police Jury (“TPPJ”) constructed a bridge over Van Burén Bayou and a road, known as Van Burén Road, connecting the bridge with LA Hwy, 892. The TPPJ attempted to obtain an easement and right-of-way for the road. However, the bridge and the road were constructed at a different location, several hundred feet southwest of the originally proposed location. TPPJ claims it maintained the road to some extent and it was used by the public for approximately 40 years.. The TPPJ alleged that, at some point, the defendants acquired property next to the road and, in 2007, they plowed it up and incorporated ft into' their farming operations. The TPPJ made demand on the defendants to restore the road; they refused and this litigation followed.
On February 14, 2013, the TPPJ filed a petition for declaratory judgment to determine whether the road was tacitly dedicated to public use and whether it would further the interests of justice to declare it a public road. The only named defendants were the Perritts. They answered, arguing that the road was not constructed on the TPPJ right-of-way, that the 1966 right-of-way was not valid because not all the required signatures of adjoining landowners were obtained, that there had been no maintenance of 12the road for many years, and that the road was not used by the public, but only with the permission of adjoining landowners.
The matter was heard by the trial court on November 24, 2014. The parties entered into the following stipulations:
1. The Tensas Parish Police Jury did construct an unpaved road between LA Hwy. 892 and the bridge over Van Bu-rén Bayou, which is the road in controversy, in or around 1966.
*145 ,2. The Tensas Parish Police Jury did construct the. bridge over Van Burén Bayou that connected to the road in controversy.
3. The Tensas Parish Police Jury did reconstruct the bridge in or around 1969 after it was damaged.
4. The Tensas Parish Police Jury did attempt to obtain a right-of-way for the construction of a road in the general area of the site of the road in controversy by execution of a document entitled EASEMENT FOR BRIDGE AND PUBLIC ROAD, which document was executed on December 15, 1966, and idéntifíed the location of the bridge over Van Burén Bayou and the road connecting the bridge to LA Hwy. 892. The parties are not stipulating as to the efficacy of the document, but rather to its execution and recordation with the Ten-sas Parish Clerk of Court.
5. The bridge and road that were constructed were not located as indicated in the Easement, but rather the bridge was located at the narrower end of Van Bu-rén Bayou and the road was located southwest of the location set forth in the Easement to connect with 'the bridge location. ‘ ■ . ' -
6. The road was never formally dedicated to public use, nor was it formally accepted into the parish road system.
7., Defendants tilled over the road and incorporated the land.into the agricultural, fields .that existed on either side of the road in 2007.
8. In October 2007, the Tensas Parish Police Jury, through Parish Attorney David' [Doughty], made demand on defendants' to restore the road to public use.
9. Defendants were the owners of the property on'one side of the road and held a leasehold interest on the other side of the broad until 2006 or 2007, when they acquired the area over which they held a leasehold interest.
The primary issue at -trial was whether Van Burén Road was. a public road by tacit dedication. The defendants contested the extent of .maintenance by the parish and the amount of public use. The parties agreed that La. R.S. 48:491(B) controlled the issup.[1] .
Several witnesses testified for the TPPJ that the'road had-been’graded at some points over the years and had been used by the public. The defendants presented testimony from witnesses who stated "that they never saw á road grader or any other maintenance on the road' over a period of many years. Some of the witnesses' had seen the Perritts maintain the road.
*146 | ¿Alien Perritt, Sr., who is retired from the Tensas Parish Sheriffs Office, farmed in the area of the disputed road. He first obtained property adjacent to the road on the east side in 1987. His son, Lawrence Perritt, now farms that land. Allen described the road as more like a “turnrow.” He never saw the TPPJ perform any work on it. There was no gravel on the road and there were no drainage ditches on the sides of the road. The road would get deeply rutted during hunting season and rainwater ran along the road to the head wall of the bridge, causing erosion damage. This was the reason he plowed up the road. Two years before, an official with the TPPJ asked his permission to take a track hoe over the road, and Allen allowed this.
Allen stated that Lawrence bought some property on the west side of the road. When asked whether there was any other landowner who had property adjacent to the road, Allen said that Robert Lee Mickey owned land along the road and Lawrence leased that piece of property. Allen was shown Perritt Exhibit No. 1, and identified a small strip of land owned by Mr. Mickey. According to Allen, Mr. Mickey’s-property, is approximately “24 rows wide” and it is actually Mr. Mickey’s land that lies adjacent to the west side of Van Burén Road. He also referred to an unsuccessful attempt to obtain a written easement from Mr. Mickey at some point.
Lawrence Perritt testified that he has farmed in the area with his father since 1995. In 1996, he bought 36 acres from Theodore Jackson in the area of the road. Lawrence lives 300 yards from the road and had never seen the parish grade it. The road was removed for erosion control. He was ^questioned about the small strip of land labeled “Robert Mickey.” He testified that he has leased the property from Mr. Mickey for the last 10 to 12 years. Mr. Mickey lives in Chicago and comes to the area “I think once a year maybe.”
In closing arguments, the defendants’ attorney stated:.
Now, something came up that we haven’t really discussed, but it’s this Mickey property. If the testimony of the Perritts is correct, there is a strip of property along the road that separates Lawrence Perritt’s property from the road and that’s Robert Mickey’s property. Obviously, if it’s twenty-four rows— a row is two feet, I guess, that’s forty-eight feet that he’s leasing, then no matter what you do, the road is not going to get to Lawrence Perritt’s property because he’s not adjacent to it. Now, I haven’t really given a lot of thought on what that means. I’m just throwing that out to the court, and we’ll be glad to write something on that if you want, but that’s kind of something that just fell out of the blue here today.
In rebuttal, the attorney for the TPPJ argued that, if the Perritts knew there was some difference in ownership, they had an opportunity in their answer to state it. The TPPJ’s attorney contended it was inappropriate to raise the issue after the answer was filed and the case was tried.
The issue was not briefed. Instead, after trial, the court provided oral reasons for judgment in favor of the TPPJ. The court found that the TPPJ constructed Van Burén Road between LA Hwy. 892 and Van Burén Bridge in 1966, and reconstructed the bridge in 1969. The TPPJ attempted to obtain a right-of-way for the road, but the road was not located in the right place. The road was never formally dedicated to public use and was not formally accepted into the parish road system. The court found that the road was a public road by tacit dedication by virtue of the parish maintaining it and the public using it for four years, without objection *147 by the then ^adjoining landowners, as required by La. R.S. 48:491(B). According to the court, this was corroborated by people with personal knowledge of maintenance on the road. The court found that there was no evidence of formal or tacit abandonment for 10 years.
In addressing the issue of Mr. Mickey’s ownership of property adjacent to Van Bu-rén Road, the trial court stated, “I don’t know that number nine in the stipulation is really of any relevance, but there is a small strip of land which was owned by the Mickey family on the other side of the road.” No other mention was made of this issue.
On December 17, 2014, the trial court signed a judgment finding that the bridge over Van Burén Bayou was a public bridge and Van Burén Road, a dirt road from LA Hwy. 892 to the bridge over Van Burén Bayou, is, as originally constructed, a public road.
On appeal, the defendants argue that the trial court erred in finding that Van Burén Road was a public road. They also assert, for the first time, that the trial court erred in failing to declare Robert Mickey to be an indispensable party to these proceedings.
JOINDER OF PARTIES
The defendants point out the testimony indicating that Robert Mickey owned the strip of property along the road. The defendants maintain that this made Mickey an indispensable party to the proceedings and the failure to include Mickey in the proceedings made the trial court judgment an absolute nullity.
pLegal Principles
La. C.C.P. art. 641 provides:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As & practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
La. C.C.P. art. 645 states:
The failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion.
La. C.C.P. art. 927(B) provides, in pertinent part, that the nonjoinder of a party may be noticed by either the trial or appellate court on its own motion.
When we previously would address the issue of joinder of parties,-we would distinguish between necessary and indispensable parties. Indispensable parties to an action were those whose interests in the subject matter were so interrelated, and would be so directly affected by judgment, that a complete and equitable adjudication of the controversy could not be made unless they were joined in the action. No adjudication of an action could be made unless all indispensable parties were joined therein. Parties should be deemed indispensable only when that result was absolutely necessary to protect substantial rights. Fewell v. City of Monroe, 43,281 (La.App.2d Cir.6/11/08), 987 So.2d 323, writ denied, 2008-2172 (La.11/14/08), 996 So.2d 1093.
The provisions on joinder of parties were amended to their present form by La. Acts 1995, No. 662, effective August 15, 1995. The amendment removed the *148 terms “necessary and indispensable parties” and inserted the concept of “joinder of parties needed for just adjudication.” Family Federal Sav. & Loan Ass’n of Shreveport v. Huckaby, 30,481 (La.App.2d Cir.5/13/98), 714 So.2d 80; Fewell v. City of Monroe, supra. Parties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated that a-complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La. C.C.P. art. 641. A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights. Courts are to determine whether a party should be joined and whether the action should proceed if a party cannot be joined by a factual analysis of all the interests involved. Gibbs v. Magnolia Living Ctr., Inc., 38,184 (La.App.2d Cir.4/7/04), 870 So.2d 1111, writ denied, 2004-1148 (La.7/2/04), 877 So.2d 146; Branch v. Young, 13-686 (La.App. 5th Cir.2/26/14), 136 So.3d 343. Under the revision, an analysis of the interests of the joined and nonjoined parties with respect to the action is required to determine whether the action- may proceed. Fewell v. City of Mowroe, supra; Lowe’s Home Const., LLC v. Lips, 10-762 (La.App. 5th Cir.1/25/11), 61 So.3d 12, writ denied, 2011-0371 (La.4/25/11), 62 So.3d 89.
When joinder is not feasible, La. C.C.P. art. 642 provides:
If a person described in Article 641 cannot be made a party,.the court shall determine whether the action should proceed among the parties before it, or should be dismissed. The factors to be considered by the court include:
(1)To what extent a judgment rendered in the person’s absence might be prejudicial to him or those already present.
The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.
(3) .Whether a judgment rendered in the person’s absence will be adequate.
(4) WTiether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.,
Although the classification of a party as indispensable no longer appeal's in La. C.C.P. art. 641, by using the word “shall,” the article still makes mandatory the joinder of the person described in La. C.C.P. art. 641 as a party to the suit. Thus, an adjudication made without making a person described in the article a party to the litigation is an absolute nullity.. See Terrebonne Parish Sch. Bd. v. Bass Enterprises Prod. Co., 2002-2119 (La.App. 1st Cir.8/8/03), 852 So.2d 541, writs denied, 2003-2786 (La.1/9/04), 862 So.2d 984, 2003-2873 (La.1/9/04), 862 So.2d 985; Avoyelles Parish Sch. Bd. v. Bordelon, 2011-126 (La.App. 3d Cir.10/5/11), 77 So.3d 985.
The instant action was brought as a declaratory .judgment. When declaratory relief is sought, our law mandates that all persons shall be made parties who have or claim any interest which would be affected by the | ^declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. La. C.C.P. art. 1880. An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident. Fewell v. City of Monroe, supra; Delchamps, Inc. v. Gisclair, 96-1646 (La.App. 1st Cir.6/20/97), 696 So.2d 1062.
Discussion
In the instant case, the téstimony and evidence adduced at trial indicated that Mr. Mickey, and not Lawrence Per- *149 ritt, actually owns the property adjacent to the road on the west. Apparently, Lawrence Perritt only leases the land from Mr. Mickey.
The TPPJ argues that there is no valid claim in this case of nonjoinder of an indispensable party. It asserts that the defendants’ argument rests upon self-serving testimony _ of Alen Perritt that Robert Mickey owns the property on the road and an old tax assessor’s plat which was admitted into evidence as Perritt Exhibit No. 1. TPPJ contends that this exhibit is not an actual survey and has an apparent date of August 21,1995. TPPJ points out that the defendants’ answer shows that they own land in Section 7, Township 7 North, Range 11 East, bounded by LA Hwy. 892, Moore Road, Van Burén Bayou, and the property owned by Pies Bell. They also stipulated that they owned property on one side of the disputed road and held a leasehold on the other side of the road until 2006 or 2007, when they acquired ownership of the area over which they previously held a leasehold. TPPJ maintains that this is a judicial confession which prevents a court from finding that the Perritts did not own all the property at issue here.
|nLa. C.C. art. 1853 provides:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
Any admissions or stipulations by - the defendants stating that they own the property may be revoked on the ground of error of fact. Certainly, if the defendants are not the owners of the property adjacent to both sides of Van Burén Road, then any statements they made to the contrary are errors of fact. If the land is owned by someone other than one of the defendants in this suit, then the owner of the property has an interest’ in this litigation that must be protected. That person has an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may impose or impede his ability to protect his.intérests. The owner of that property is a party needed for just adjudication of the issues raised in this matter. Any adjudication by the trial court made -Without that person or persons is an absolute nullity.
The failure to join a party necessary for just adjudication can be noticed by the trial or appellate court on its own motion. Therefore, the failure to raise this issue earlier did not constitute a waiver of the claim. As stated earlier, an adjudication made without such a party is an absolute nullity. The evidence in this record supports a finding that Mr. Mickey is a party required to be joined in this matter.[2] However, the TPPJ is entitled to |12an opportunity to show otherwise, if it can. If there is a party that is required to be joined but cannot be made a party, the trial court is to make a determination under La. C.C.P. art. 642 how to proceed. Accordingly, we vacate the trial court *150 judgment finding Van Burén Road to be a public road and remand the matter to the trial court for further proceedings.
Because we vacate the trial court judgment finding Van Burén Road to be a public road, we do not reach consideration of the defendants’ other arguments.
CONCLUSION
For the reasons stated above, we vacate the trial court judgment finding Van Bu-rén Road to be a public road and remand the matter to the trial court for further proceedings to determine whether there are other parties which must be joined for just adjudication of this matter and for a determination on the merits after the required party or parties are joined or for a determination under La. C.C.P. art. 642. Costs are not assessed. See La. R.S. 13:4521.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. La. R.S. 48:491(B) provides:
B. (l)(a) All roads and streets in this state which have been or hereafter are kept'up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
(b) Actual or constructive knowledge is presumed if prior to or during the work the public body notifies the last known adjoining landowners of same by written notice by certified or registered mail,.return re--ceipt requested. When .such notice is given more than twp years and ten months from commencement of such work, it shall suspend- the foregoing prescription for sixty, days.
(c) Actual or constructive knowledge is conclusively presumed within all parishes and municipalities, except as otherwise provided by R.S. 48:491(B)(3), if the total period of such maintenance is four years or more, unless prior thereto and within sixty days of such actual or constructive knowledge, the prescription is interrupted or suspended in any manner provided by law.'

. We note that the map' which was utilized during the trial was listed on the exhibit list in the defendants’ pretrial brief. The map, which reflects that Mr. Mickey owns the property on the west side of the road, was used by both sides during trial. Thus, it should not have been a surprise to the TPPJ that not all the property owners were before the court. Unfortunately, it appears that no one appreciated the' significance of the information, shown on the map which was later fleshed out during the testimony. Mr. Mickey should be subject to the jurisdiction of a Louisiana court as the owner of immovable property here. See La. R.S. 13:3201.