Judgment rendered August 10, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,660-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ALBERT W. BLOCK, JR. AND                    Plaintiffs-Appellants
CLAUDIA ANN MARLETTE
BLOCK

versus

CAPITAL ONE, N.A., ET AL                    Defendants

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2021-0969

Honorable Alvin Rue Sharp, Judge

* * * * *

ALBERT W. BLOCK, JR.                         Counsel for Appellants


WATSON, MCMILLIN & STREET, LLP               Counsel for Appellee,
By:  William Michael Street                  Dana Benson


DEAN MORRIS, L.L.P.                           Counsel for Appellees-
By:  Elizabeth Crowell Price                  Intervenor, RRA CP
                                              Opportunity Trust 2 in
                                              c/o Real Time
                                              Resolutions, Inc.

* * * * *

Before PITMAN, STONE, and THOMPSON, JJ.

**STONE, J.**

This appeal from the Fourth Judicial District Court regards competing claims to the surplus proceeds from a sheriff's sale of immovable property. The appellants, Albert and Claudia Block, were the owners of the immovable property before the sale and, as such, claim ownership of the surplus proceeds. The appellee is Real Time Resolutions, Inc. ("RTR"), which claims it, as junior mortgagee, is entitled to the surplus proceeds. For the following reasons, we reverse and vacate both the default judgment in favor of the Blocks and the order for the proceeds to be distributed to RTR, and remand for further proceedings.

On June 6, 2016, the senior mortgagee, Ditech Financial, LLC, caused the immovable property to be sold via sheriff's sale. The Ditech mortgage was satisfied in full from the proceeds of the sale. Approximately $31,000 remained after the satisfaction of the Ditech mortgage (i.e., the surplus funds). Instead of distributing the surplus proceeds, the sheriff deposited them in the registry of the Fourth Judicial District Court. On April 5, 2021, the Blocks filed a verified petition for a judgment declaring them to be rightfully entitled to the surplus proceeds. Therein, the Blocks argued that the promissory note underlying the junior mortgage had prescribed.

Capital One Bank ("Capital One"), the original junior mortgagee, was named as the defendant to the Blocks' declaratory judgment action. However, the Blocks did not name RTR, the current junior mortgagee, as a defendant.[1] Capital One failed to answer; on June 16, 2021, the Blocks obtained a default judgment. However, in so doing, the Blocks submitted no

_____

[1] Apparently, RTR did not obtain recordation of the instruments creating its rights to the junior mortgage.

evidence whatsoever, unless the verified petition is deemed to be "evidence."[2]

On August 6, 2021, RTR filed an intervention claiming entitlement to the surplus proceeds. The intervention states:

> A judicial sale was held on July 6, 2016. On this date, the sheriff for the Parish of Ouachita sold the premises located at 105 Arapaho Cir., West Monroe, LA 71291 to the highest bidder, namely, Mandy's World, LLC.
>
> The property sold for $155,000 and after payments of costs in the claim of the seizing creditor, Ditech Financial, LLC, there remained on deposit in the registry of the court the amount of $31,168.06, plus any accrued interest, for disbursement to inferior lienholders.
>
> Intervenor is the holder by assignment and conveyance of mortgage (Exhibit A) except by the Plaintiffs herein dated June 3, 2005, for $100,000 encumbering the property sold at a sheriff's sale (Exhibit B) on July 6, 2016.
>
> Intervenor is the holder of the second lien on the property via the Multiple Indebtedness Mortgage and the Notice of Reinscription, recorded as Instrument Number 166-1882 (Exhibit C). Further, Mr. Albert W. Block, Jr., was aware of the transfer of mortgage Loan to Plaintiff as show [sic] in the attached demand letter (Exhibit D).
>
> Intervenor is the inferior lienholder next in rank (Exhibit E) and claims the amount of $102,338.26 secured by this mortgage (Exhibit F), and therefore, Intervenor is entitled to the excess proceeds from the fund that were deposited in the registry of the Court by the Ouachita Parish Sheriff.

On the same day the intervention was filed, the trial court vacated the default judgment in favor of the Blocks and issued an order for the funds to be disbursed to RTR. The Blocks did not file a motion for new trial.

The Blocks now appeal, enumerating the following assignments of error: (1) RTR's intervention was invalid because the default judgment was

---

[2] The trial court admitted the entire record into evidence. However, the record did not contain any exhibits, affidavits, or testimony to support a default judgment.

already executory; (2) the exceptions of res judicata, no cause of action, and no right of action should be granted against the intervention; and (3) the August 6, 2021 order in favor of RTR is an absolute nullity because it was rendered *ex parte* without prior notice to the Blocks.

RTR asserts that it, as junior mortgagee, was automatically entitled to the surplus proceeds from the sheriff's sale pursuant to La. C.C.P. arts. 2373 and 2724. RTR further asserts that the default judgment in favor of the Blocks was an absolute nullity because it was not supported by prima facie evidence and because RTR was not joined as a party as required by La. C.C.P. art. 641. Furthermore, in its brief, RTR specifically asks this court to reverse the default judgment.

## LAW

**Appeals; standard of review**

"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164. A trial court's decisions on questions of law are reviewed de novo. *Caldwell v. Janssen Pharmaceutical*, 12-2447 (La. 1/28/14), 144 So. 3d 898.

**Sheriff's sale; intervention; cause of action; right of action**

La. C.C.P. art. 2373, in full, states:

> After deducting the costs, the sheriff shall first pay the amount due the seizing creditor, then the inferior security interests, mortgages, liens, and privileges on the property sold, and shall pay to the debtor whatever surplus may remain.

Thus, the article makes clear that whatever is left after the payment of costs and the senior mortgage goes to the satisfaction of the junior mortgages and only thereafter may the debtor be entitled to sale proceeds.

4

La. C.C.P. art. 1091, which addresses intervention generally, provides that "a third person having an interest therein may intervene in a *pending* action to enforce a right related to or connected with the object of the *pending* action." (Emphasis added.)  However, La. C.C.P. art. 1092 specifically addresses intervention by a third person claiming ownership of, or a mortgage or privilege upon, property seized--and provides a potentially later deadline for intervention.  The article states:

> If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, *the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property*, and the court shall order the sheriff to hold such proceeds subject to its further orders. (Emphasis added.)

*Id.*

In *Jackson v. City of New Orleans,* 12-2742 (La. 1/28/14), 144 So. 3d 876, 895, the Louisiana Supreme Court explained the principles for determining whether a pleading states a cause of action:

> The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. The sufficiency of a petition subject to an exception of no cause of action is a question of law, and a de novo standard is applied to the review of legal questions; this court renders a judgment based on the record without deference to the legal conclusions of the lower courts.

Louisiana has a "fact pleading" system, as opposed to the federal "notice pleading" system. La. C.C.P. art. 854, cmt. (a).  To state a cause of action

in a Louisiana court, a petition must allege the material facts constituting the cause of action. *Id.*

The exception of no right of action, by definition, asserts that the claimant does not own the cause of action he or she asserts:

> [The exception of no right of action] is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.

*Babineaux v. Pernie-Bailey Drilling Co.*, 262 So. 2d 328, 333 (La. 1972).

**Necessary parties**

La. C.C.P. art. 641, in relevant part, provides that:

> A person shall be joined as a party in the action when…he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may…as a practical matter, impair or impede his ability to protect that interest

A judgment obtained in violation of La. C.C.P. art. 641 is an absolute nullity. *Tensas Parish Police Jury v. Perritt*, 50,123 (La. App. 2 Cir. 9/30/15), 181 So. 3d 143, 148.[3]

The objection of nonjoinder of a necessary party may be raised by peremptory exception. La. C.C.P. art. 927(A)(4). The appellate court may raise nonjoinder of a necessary party on its own motion. La. C.C.P. art. 927(B).

---

[3] Therein we stated:
> A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights. Courts are to determine whether a party should be joined and whether the action should proceed if a party cannot be joined by a factual analysis of all the interests involved.

*Id.*

**Default judgment**

In 2021, La. C.C.P. art. 1702(A) provided: "A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment."[4]

In *National Income Realty Trust v. Paddie*, 98-2063 (La. 7/2/99), 737 So. 2d 1270, the Louisiana Supreme Court held:

> La. [C.C.P.] art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant against "whom a valid judgment by default has not been taken." It is well settled that this article applies only to technical defects of procedure or form of the judgment…The failure to establish the prima facie case required by La. [C.C.P.] art. 1702 is not a vice of form…*A failure of proof must be raised in a motion for new trial or by appeal, not by an action for nullity…*
> In sum, we find the court of appeal erred as a matter of law in declaring the default judgment to be absolutely null [due to lack of prima facie evidence]. (Emphasis added).

This court acknowledged the authority of *National Income*, *supra*, in *Yellowbird Invs., L.L.C. v. Barber*, 46,977 (La. App. 2 Cir. 3/14/12), 87 So. 3d 970, 975, *writ not considered*, 2012-0866 (La. 6/1/12), 90 So. 3d 422.

**Res judicata**

"Except as otherwise provided by law, a valid and final judgment is conclusive *between the same parties*, except on appeal or other direct

---

[4] The following paragraphs of that article specify the form of evidence required for various categories of demands. For example, La. C.C.P. art. 1702(B)(1) states that "[w]hen a demand is based on a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand." It is not clear that a claim of ownership of property is a "demand based on a conventional obligation." However, the other specified types of demands in La. C.C.P. art. 1702(B) appear to be even further from applicability, viz., the delictual obligations (other than a personal injury), suits on open account or promissory note, and personal injury claims.

review." La. R.S. 13:4231."[5]

**ANALYSIS**

The Blocks' argument that the intervention was untimely is erroneous. In the context of a sheriff's sale, La. C.C.P. art. 1092 allows a mortgagee to intervene at any time prior to distribution of the proceeds by the sheriff. It further provides that the court shall order the sheriff to hold the funds pending further orders. The sheriff's deposit of the funds into the registry of the court does not constitute a "distribution" within the meaning of La. C.C.P. art. 1092. Instead, the deposit is equivalent of the sheriff "holding" the funds pending further orders of the court. The mortgagee's intervention, which was filed while the funds were still deposited in the registry of the court, was timely.

Furthermore, joinder of RTR was necessary pursuant to La. C.C.P. art. 641. Determination of the ownership of the surplus funds requires the court to rule whether the junior mortgage is enforceable. If so, then RTR has the better claim to the funds. Otherwise, the Blocks have the better claim. Adjudicating the enforceability of the junior mortgage in the absence of RTR, the mortgagee, will impair or impede RTR's ability to enforce its rights created by the mortgage. Therefore, the default judgment in favor of the Blocks is an absolute nullity. La. C.C.P. art. 641; *Tensas Parish, supra.*

---

[5] However, notwithstanding the requirement that the judgment be between the "same parties," persons who were not parties thereto may be bound by the judgment's res judicata effect under the doctrine of "virtual representation. *Condrey v. Howard,* 28,442 (La. App. 2 Cir. 8/21/96), 679 So. 2d 563, 567, *writ denied,* 96-2335 (La. 11/22/96), 683 So. 2d 281 explains:

> The concept of virtual representation…requires that there be [a]…legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues.

8

The trial court's "order" for the clerk of court to disburse the funds to RTR is vacated. RTR cannot simultaneously claim it is/was a necessary party to the Blocks' petition for declaratory judgment *and* obtain judgment in its own favor without litigating entitlement to the funds against the Blocks. La. C.C.P. art. 2164.[6]

## CONCLUSION

The default judgment in favor of the Blocks is hereby declared an **ABSOLUTE NULLITY**. The order for the funds to be disbursed to RTR is **VACATED**. This case is **REMANDED** for further proceedings between RTR and the Blocks. One half of the costs of this appeal is taxed to the Blocks, and the other half of the costs of this appeal is taxed to RTR.

---

[6] The Blocks' exceptions of no right of action, no cause of action, and res judicata are without merit. Several of the supporting arguments for the exceptions are disposed of by our construction of La. C.C.P. art. 1092. The Blocks' argument that the intervention claiming the funds lacks "connexity" with the main demand (whereby the Blocks claim those same funds) is patently false. The intervention pleading, quoted above, provides adequate factual detail to establish that RTR has a cause and right of action with respect to the funds. Finally, res judicata does not bar the intervention because the default judgment is an absolute nullity and because RTR is not a party to that judgment.