NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-203


DARLENE RODGERS DURDEN

VERSUS

TROY ST. ANN AND DELILAH P. JACKSON


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 21-C-1255-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHARON DARVILLE WILSON
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


AFFIRMED.

**Bruce Achille Gaudin**
**Attorney at Law**
**100 W. Bellevue St.**
**Opelousas, LA 70570**
**(337) 948-3818**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Darlene Rodgers Durden**

**Elizabeth Crowell Price**
**Dean Morris, L.L.C.**
**1505 North 19th Street**
**Monroe, LA 71207-2867**
**(318) 388-1440**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Wells Fargo Bank, NA**

**Troy St. Ann**
**In Proper Person**
**522 Highway 752**
**Church Point, LA 70525**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Troy St. Ann**

**Delilah P. Jackson**
**In Proper Person**
**522 Highway 752**
**Church Point, LA 70525**
**COUNSEL FOR DEFENDANT/ APPELLEE:**
    **Delilah P. Jackson**

**WILSON, Judge.**

This case arises from a default judgment ruling on a petition to fix boundary and award damages in favor of Plaintiff, Darlene Rodgers Durden, and against Defendants, Troy St. Ann and Delilah P. Jackson. Appellant, Wells Fargo Bank, N.A. (Wells Fargo), has a mortgage from Defendants on property subject to the default judgment but was not joined as a party in the trial court. Wells Fargo filed this appeal pursuant to La.Code Civ.P. art. 2086 alleging that Ms. Durden failed to add a necessary party. For the reasons expressed below, we affirm the judgment of the trial court.

I.

## ISSUES

In this appeal we must decide:

(1) whether the trial court erred in allowing plaintiff to proceed in the absence of Wells Fargo, a lender with a recorded mortgage from Lot 5 Property against the property at issue and thus a party whose joinder is required under La.Code Civ.P. art. 641; and

(2) whether the trial court erred in allowing Ms. Durden to confirm the preliminary default under La.Code Civ.P. art. 1702 when the action failed to include Wells Fargo.

II.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2005, Defendants purchased Lot 5, from Primeaux Properties Inc. by way of a cash sale deed. The deed was recorded on June 8, 2005. Later, a notarial act of correction was executed and recorded to make a correct reference to the survey completed by Timothy Collins. On June 19, 2006, Ms. Durden and her then

husband, Arthur Durden, purchased Lot 4 from Primeaux Properties Inc. Lots 4 and 5 share a border. Defendants executed a multiple indebtedness mortgage, dated September 18, 2007, for the benefit of St. Landry Bank & Trust Co., which was recorded in the mortgage records of St. Landry Parish. On June 19, 2007, Defendants also granted a mortgage in favor of Wells Fargo securing Defendants' home located on Lot 5 at 522 Hwy 752, Church Point, Louisiana. The mortgage was recorded on June 24, 2008. On August 28, 2014, Mr. Durden conveyed his one-half interest in Lot 4 to Ms. Durden by way of a consent judgment.

Ms. Durden was alerted to the fact that Defendants had built part of their driveway and house on her lot. On April 7, 2021, Ms. Durden filed a petition to fix boundary and for damages against Defendants as the owners of adjoining Lot 5. In her petition, Ms. Durden requested that the court order Defendants to remove their improvements from Lot 4, or in the alternative, grant a judgment against Defendants for the damages caused by the placement of the improvements on Lot 4.

On August 24, 2021, the trial court granted a motion and order for preliminary default against Defendants because they had failed to answer the petition. The matter came to trial on November 22, 2021, on a confirmation of the preliminary default. Ms. Durden presented eleven exhibits including the acts for sale for Lots 4 and 5 as well as surveys. The trial court entered judgment in favor of Ms. Durden, fixing the boundary according to an October 13, 2021, survey, and ordering Defendants to pay $20,000 in damages together with legal interest. The judgment was signed on December 3, 2021, and notice was mailed to Defendants on December 8, 2021. On February 14, 2022, Wells Fargo filed a motion for devolutive appeal pursuant to La.Code Civ.P. art. 2086, which was granted on February 15, 2022.

2

III.

**STANDARD OF REVIEW**

This case presents us with questions of law and must be reviewed de novo. *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. Under the de novo standard of review, we assign "no special weight to the trial court and, instead, [we] conduct a de novo review of questions of law and render[ ] judgment on the record." *Id.* at 657.

IV.

**LAW AND DISCUSSION**

**NONJOINDER**

The heart of Wells Fargo's appeal is whether or not they are a party whose joinder was required under La.Code Civ.P. art. 641. Louisiana Code of Civil Procedure Article 641 provides:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> (a) As a practical matter, impair or impede his ability to protect that interest.
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Additionally:

> Although the classification of a party as indispensable no longer appears in La. C.C.P. art. 641, by using the word "shall," the article still makes mandatory the joinder of the person described in La. C.C.P. art. 641 as a party to the suit. Thus, an adjudication made without making a person described in the article a party to the litigation is an absolute nullity.

*Tensas Par. Police Jury v. Perritt*, 50,123, p. 9 (La.App. 2 Cir. 9/30/15), 181 So.3d 143, 148.

In the matter before us, Ms. Durden filed a petition to fix the boundary of Lot 4 and for damages for Defendants' encroachments onto Lot 4. Wells Fargo asserts that because they have a security interest in the adjoining Lot 5, they have an interest in this litigation to fix the boundary between the lots. Specifically, Wells Fargo argues that they have a security interest in Defendants' home and because part of the home has been determined to be on Lot 4, their interest has been impacted. After reviewing the record, we disagree.

On appeal, Wells Fargo argues that Ms. Durden's petition seeks to change the boundary lines and legal description of immovable property; however, this characterization is incorrect. Ms. Durden merely seeks to fix the boundary in accordance with the acts of sale. Both the acts of sale for Lot 4 and Lot 5 refer to the Timothy Collins plat. On October 13, 2021, Surveyor Jacob Jarrell completed a survey of the subject property. At the hearing, Mr. Jarrell testified that he conducted the survey in accordance with the Timothy Collins plat which set the boundaries when the property was initially partitioned. At all times, the boundaries were established according to the Timothy Collins plat and rather than change the boundary lines, the trial court's judgment reaffirms them. The property description in Wells Fargo's mortgage also references the same Timothy Collins plat.

Unlike in the various cases cited by Wells Fargo, where a mortgagee's rights were threatened by lease cancellations or title changes, nothing in this case is being altered. Wells Fargo still has the exact same mortgage covering the exact same property. The mortgage granted to Wells Fargo covers all of Lot 5 and the improvements thereon. Although determined to be encroaching onto Lot 4, the house is still located on Lot 5, and thus, still subject to the mortgage. The judgement

does not alter the ownership of the home, nor did the petition ever place ownership in question. If any of the improvements are solely on Lot 4, they were never subject to the mortgage as the mortgage describes the boundaries the same way the court has now done so.

Wells Fargo has not presented any evidence that shows how proceeding in this matter without them has impaired or impeded their ability to protect their interests. The trial court relied on the same property descriptions that have been used by all others involved in this matter to fix the boundary. Had Wells Fargo been a party, the evidence would have included the same descriptions of the boundaries and the outcome would have been the same. Similarly, Wells Fargo had no interest in Ms. Durden's claim against Defendants for damages. Wells Fargo's addition to the suit was not necessary for full adjudication between the named parties, nor were its interests impeded in any way. As such, we find that Wells Fargo was not a party whose joinder was required, and the trial court did not err in ruling on the matter in its absence.

## PRELIMINARY DEFAULT

In its second assignment of error, Wells Fargo asserts that it was error for the trial court to allow Ms. Durden to confirm the preliminary default under La.Code Civ.P. art. 1702 in their absence. Louisiana Code of Civil Procedure 1702(A)(1) provides, in part:

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered[.]

5

In this case, Defendants never filed an answer, and Ms. Durden was granted a preliminary default judgment.

At the hearing to confirm the default judgement, Ms. Durden presented eleven exhibits to the trial court, which included the acts of sale for both Lots 4 and 5, the Timothy Collins plat, the October 13, 2021 survey, and an appraisal of the current value of Lot 4 with Defendants' encroachments. The trial court heard the testimony of Mr. Jarrell, the surveyor of the October 13, 2021 survey, who stated that he used the Timothy Collins plat to conduct his survey of the property. The trial court also heard the testimony of Ms. Durden describing the encroachments and her loss of use of Lot 4, along with the testimony of an appraiser who testified that with the current encroachments by Defendants, Ms. Durden had lost the entire use of the land, valued at $20,000. All of this was more than sufficient for Ms. Durden to establish a prima facie case that she was entitled to the default judgment fixing the boundary and an award of $20,000 in damages.

Wells Fargo's absence did not prevent Ms. Durden from establishing a prima facie case entitling her to the requested relief, nor were any of its interests impaired by confirming the default. Thus, we find no error in the trial court's confirmation of the preliminary default judgment.

V.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court fixing the boundary of Lot 4 in accordance with the October 13, 2021 survey and ordering Defendants to pay $20,000 in damages, together with legal interest, to Ms. Durden is affirmed. All costs of this appeal are assessed against the appellant, Wells Fargo Bank, N.A.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2–16.3